United States District Court
Southern District of Texas
**ENTERED**
May 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ALEJANDRO GARCIA MARCANO, | § § § | |
| Petitioner, | § § | |
| | § | CIVIL ACTION NO. H-26-1898 |
| v. | § § | |
| RAYMOND THOMPSON, et al., | § § | |
| Respondents. | § § | |

**MEMORANDUM OPINION AND ORDER**

Samuel Alejandro Garcia Marcano ("Petitioner"), a citizen of Venezuela, entered the country without inspection on August 19, 2021.[1] Petitioner applied for Temporary Protected Status ("TPS") under the 2023 Venezuela designation, which was granted on May 17, 2024.[2] Petitioner's TPS was scheduled to expire on April 2, 2025.[3] On January 19, 2025, before his status expired, Petitioner reapplied for TPS.[4] However, Petitioner's TPS was terminated when the Department of Homeland Security terminated the 2023 Venezuela

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 6 ¶¶ 21-22. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 7 ¶ 24.

[3]Id.

[4]Id. ¶ 26.

TPS designation on February 5, 2025.[5]  TERMINATION OF THE OCTOBER 3, 2023 DESIGNATION OF VENEZUELA FOR TEMPORARY PROTECTED STATUS, 90 Fed. Reg. 9040, 9041 (Feb. 5, 2025).

On September 2, 2025, Petitioner was issued a Notice to Appear, denying him admission into the United States.[6]  On October 27, 2025, Petitioner filed an amended application for asylum.[7]  The application was pretermitted by an immigration judge on January 23, 2026.[8]  That same day an order for Petitioner's removal was issued by the immigration court.[9]  On January 31, 2026, Petitioner appealed his removal.[10]

Petitioner was taken into immigration custody by Immigration and Customs Enforcement ("ICE") under § 1225(b)(2) on February 3, 2026, "to await adjudication of his appeal."[11]  He remains in immigration custody.[12]

---

[5]Respondent's Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus and Temporary Restraining Order ("Respondent's MSJ"), Docket Entry No. 7, p. 2.

[6]Habeas Petition, Docket Entry No. 1, p. 7 ¶ 27.

[7]Id. at 8 ¶ 28.  Petitioner originally filed an application for asylum on August 11, 2022.  Id. at 6 ¶ 23.  He amended his application when he was issued the Notice to Appear.  Id. at 8 ¶¶ 28-29.

[8]Id. at 8 ¶ 29.

[9]Id. ¶ 30.

[10]Id.

[11]Respondent's MSJ, Docket Entry No. 7, p. 3; Habeas Petition, Docket Entry No. 1, pp. 8-9 ¶ 31.

[12]Habeas Petition, Docket Entry No. 1, p. 9 ¶ 33.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) the Fourth Amendment, (3) due process, and (4) the Eighth Amendment.[13] Petitioner also argues that because his TPS application remains pending, his detention violates the INA.[14] Petitioner has also filed a Motion for Temporary Restraining Order, Application for Preliminary Injunction, and Request for Expedited Hearing (Docket Entry No. 5).

Also pending before the court is Respondent's MSJ (Docket Entry No. 7). Respondent argues that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[15] Petitioner has filed a reply.[16]

Petitioner is subject to mandatory detention under § 1225(b)(2). As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), an alien that is present without lawfully being admitted to the United States is an applicant for admission and is therefore subject to mandatory detention under § 1225(b)(2). Id. at 498, 502. The Fifth Circuit's analysis and holding applies in this case.

---

[13]Id. at 11-13 ¶¶ 42-55; pp. 16-25 ¶¶ 67-102.

[14]Id. at 13-16 ¶¶ 56-66 (citing 8 U.S.C. § 1254a(a)(4)(B)).

[15]Respondent's MSJ, Docket Entry No. 7, pp. 1-2.

[16]Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment ("Petitioner's Reply"), Docket Entry No. 8.

Petitioner's detention does not violate 8 U.S.C. § 1254a(a)(4)(B) because the Department of Homeland Security has terminated the 2023 Venezuela TPS designation.[17] Although the Northern District of California has vacated the Department of Homeland Security's termination of the 2023 Venezuela TPS designation, the Supreme Court has stayed the decision, allowing the termination to take immediate effect.[18] Noem v. National TPS Alliance, 145 S. Ct. 2728, 2729 (2025); Noem v. National TPS Alliance, 146 S. Ct. 23, 24 (2025).

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v.

---

[17]8 U.S.C. § 1254a(a)(4)(B) prohibits removal of an alien while their TPS application is pending.

[18]On March 31, 2025, the Northern District of California vacated the termination of the Venezuela TPS status. National TPS Alliance v. Noem, 773 F.Supp.3d 807 (N.D. Cal. 2025). The Northern District of California's vacatur was stayed by the Supreme Court. Noem v. National TPS Alliance, 145 S. Ct. 2728, 2729 (2025). After the Ninth Circuit affirmed the district court's vacatur, the district court entered summary judgment against the Government. That decision was also stayed by the Supreme Court. Noem v. National TPS Alliance, 146 S. Ct. 23, 24 (2025). Despite the fact the Supreme Court has stayed these cases, the Northern District of California entered a declaratory judgment in favor of the plaintiffs on December 10, 2025. National TPS Alliance v. Noem, Case No. 25-cv-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025). Given the Supreme Court's stays, the court declines to enforce the Northern District of California's declaratory judgment.

Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026) (Memorandum Opinion and Order, Docket Entry No. 14, pp. 3-4), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

As explained in Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026) (Memorandum Opinion and Order, Docket Entry No. 8, pp. 2-3), Petitioner's Fourth Amendment claim is foreclosed because it relies on the assertion that the Government lacks the authority to detain him under § 1225.[19]  Moreover, although Petitioner argues he was arrested without a warrant, ICE executed an arrest warrant for Petitioner on February 3, 2026.[20]

Finally, Petitioner's detention does not violate the Eighth Amendment.[21]  As the Supreme Court has explained, detention without

---

[19]Petitioner's Reply, Docket Entry No. 8, p. 14.

[20]Warrant for Arrest of Alien, Exhibit 1 to Respondent's MSJ, Docket Entry No. 7-1.  Petitioner also argues that his warrantless arrest violates the Accardi doctrine because 8 C.F.R. § 287.8(c)(2)(ii) requires a warrant unless the immigration officer has reason to believe the person is likely to escape before a warrant can be obtained.  Petitioner's Reply, Docket Entry No. 8, pp. 13-14.  However, as discussed above, ICE executed a warrant before arresting Petitioner.

[21]Although Respondent failed to address Petitioner's Eighth Amendment claim in its Motion for Summary Judgment, Respondent is entitled to summary judgment under Rule 56(e)(3) of the Federal
(continued...)

a bond hearing during immigration proceedings does not violate the Eighth Amendment because Congress may "defin[e] the classes of cases in which bail shall be allowed in this country" and because "[d]etention is necessarily a part of th[e] deportation procedure." Carlson v. Landon, 72 S. Ct. 525, 537-38 (1952) (further discussed and affirmed by United States v. Salerno, 107 S. Ct. 2095, 2105 (1987)).

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and Motion for Temporary Restraining Order, Application for Preliminary Injunction, and Request for Expedited Hearing (Docket Entry No. 5) are **DENIED**.

The court will enter a final judgment in favor of Respondent.

**SIGNED** at Houston, Texas, on this the 21st day of May, 2026.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[21](...continued)
Rules of Civil Procedure because Petitioner has failed to show that detention during removal proceedings violates the Eighth Amendment.